No. 24-3007

## In the United States Court of Appeals for the Fifth Circuit

KAYLE J. PILIEGO, *pro se*
*Plaintiff-Appellant*
V.
WARREN MONTGOMERY
WILL MACKE
TAYLOR NICHOLSON
DARRELL SIMS
PATRICIA AMOS
RANDY SMITH
ANTHONY ESCHETE
*Defendant-Appellees*



U.S. COURT OF APPEALS RECEIVED MAY 13 2024 FIFTH CIRCUIT

## On Appeal from the United States District Court For the Eastern District of Louisiana

APPELLANT'S RESPONSE TO THE DISTRICT ATTORNEYS
FILING IN RESPONSE TO APPELLANT'S BRIEF
FROM THE JANUARY 2, 2024 JUDGEMENT IN THE
DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA
CIVIL ACTION NO. 23-5075 SECTION J (5)
HONORABLE CARL J. BARBIER PRESIDING

A CIVIL PROCEEDING

## I. CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representatives are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

Plaintiff-Appellant

Kayle J. Piliego

Defendant-Appellees

Alexis, Ralph Roger III.
704 Carondelet St.
New Orleans, La. 70130
504 581-3838
For: Warren Montgomery, Will Macke, Taylor Nicholson, Darrell Sims and Patricia Amos

Moll, Corey D.
704 Carondelet St
New Orleans, La. 70130
504 581-3838
For: Warren Montgomery, Will Macke, Taylor Nicholson, Darrell Sims, and Patricia Amos

Adams, Glenn B.
704 Carondelet St
New Orleans, La. 70130
505 581-3838
For: Warren Montgomery, Will Macke, Taylor Nicholson, Darrell Sims and Patricia Amos

Capitelli, Andrew Robert
68031Capital Trace Row
Mandeville, La. 70471
985 292-2000
For: Randy Smith

Sarah A. Fisher
68031 Capital Trace Row
Mandeville, La. 70471
985 292-2000
For: Randy Smith

Kenneth R. Whittle
68031 Capital Trace Row
Mandeville, La. 70471
For: Randy Smith

Unknown
For: Anthony Eschete

## II. STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Kayle J. Piliego waives oral argument.

# III. TABLE OF CONTENTS

I. CERTIFICATE OF INTERESTED PERSONS................................ii,iii
II. STATEMENT OF THE ORAL ARGUMENT....................................iv
III. TABLE OF CONTENTS....................................................v
IV. TABLE OF AUTHORITIES.............................................vi,vii
V. JURISDICTIONAL STATEMENT..............................................1
VI. ISSUES PRESENTED.....................................................1
VII. STATEMENT OF THE CASE.............................................1,2
VIII. SUMMARY OF THE ARGUMENT............................................2
IX. ARGUMENT.............................................................2

    A. STANDARD OF REVIEW..............................................2
    B. MOTION TO DISMISS STANDARD......................................2
    C. TIMELINESS....................................................2,3
    D. ABSOLUTE IMMUNITY AN STATEMENT OF A CLAIM.....................3,4
    E. ABSOLUTE IMMUNITY AND MONTGOMERY................................4

X. CONCLUSION............................................................4
XI. CERTIFICATE OF COMPLIANCE............................................5
XII. CERTIFICATE OF SERVICE..............................................5

## IV. TABLE OF AUTHORITIES

**Cases**

Gartrell v. Gaylor,
981 F.2d (5th Cir. 1980)..................................................2

Lavellee v. Listi,
611 F.2d (5th Cir. 1980)..................................................2

Washington v. Bureaux,
782 F.2d (5th Cir. 1986)..................................................3

Jinright v. Glass,
954 So. 2d (La. App. 5 Cir. 2007).....................................3

Rykers v. Alford,
832 F.2d. 895, 897 (5th Cir. 1987)...................................3

Hudson v. City of New Orleans,
174 F.3d. 677, 680-681 (5th Cir. 1999).............................3

Burge v. Parish of St. Tammany,
187 F.3d. 452, 467-468 (5th Cir. 1999).............................3

Crane v. Texas,
766 F.2d. 193 (5th Cir. 1985)...........................................3

Baker v. Putnal,
75 F.3d. 190, 196 (5th Cir. 1996).....................................4

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 545 (2007).................................................4

**Statutes**

28 U.S.C. 1292..............................................................1

42 U.S.C. 1983............................................................1,3

18 U.S.C. 2265..............................................................3

Fifth Amendment............................................................3

Eleventh Amendment.....................................................3,4

# V. JURISDICTION

This Court has jurisdiction over this appeal pursuant to *28 U.S.C. 1292* because the judgement below is a final judgement of the United States District Court.

This appeal is from a final judgement that disposes of all parties claims.

# VI. ISSUES PRESENTED

1. **Timeliness of the complaint:** Was prescription interrupted by the Arkansas filing under state forum law? Did these causes of action accrue when Plaintiff-Appellant knew or had reason to know of the injuries herein?
2. **Absolute Immunity:** was absolute immunity lost by prosecutors acting as investigators or as local government officials or by acting unlawfully?

# VII. STATEMENT OF THE CASE

Plaintiff-Appellant opened an AirBnB in December, 2020 on a piece of immovable land designated 121 Rucker Road, Mandeville, Louisiana. Said land, approximately 3 acres was divided and a part was sold to a Mr. Anthony Eschete. After the DA Office in Covington brought Plaintiff-Appellant to court towards the end of 2021, Plaintiff-Appellant agreed to close the AirBnB permanently. During the time it was open, Eschete led a group of neighbors in an attempt to shut down the AirBnB by making roughly 30 911 calls to the St. Tammany Sheriff Department to complain of alleged loud music and various other things. The high majority of those 911 calls were directed at AirBnB guests that had rented the property. As a result of Eschete's targeted and untruthful efforts, only Plaintiff-Appellant was arrested and tried twice per the 30 or more 911 calls. The first arrest executed 5-7 minutes after being served an ex parte TRO obtained by Eschete. A second arrest and two trials followed. A Title 42 1983 was filed by Plaintiff-Appellant's attorney related to the first arrest but he was hesitant to go after the sheriffs so he let the time to serve the complaint expire. In February of 2023, Plaintiff-Appellant filed a complaint in the

complaint was then filed in the Eastern District of Louisiana and dismissed by Judge Barbier.

## VIII. SUMMARY OF THE ARGUMENT

Plaintiff-Appellant believes that the District Court erred regarding the timeliness of the filing of the complaint, and the issue of absolute immunity.

## IX. ARGUMENT

### A. Standard of Review

A granting of a motion to dismiss is subject to de novo review.

### B. Motion to Dismiss Standard

A plaintiff must plead sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. A plaintiff's obligation in response to a motion to dismiss is to provide grounds for his entitlement to relief which requires more than labels and conclusions.

### C. TIMELINESS

The District Court stated in its Order that under federal law, a cause of action accrues when a plaintiff knows or has reason to know of the injury which is the basis for the action. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993).
As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who inflicted the injury.'" I'd. (quoting Lavelee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980).

To satisfy federal law, Plaintiff-Appellant, knew of the first wrongful arrest and the misconduct of Deputy Dupuy and through counsel, filed in the Eastern District of Louisiana, but had absolutely no knowledge of ex parte TRO rebuttal requirements, probable cause, malicious prosecution, emotional distress or absolute immunity until a meeting with an old friend in Springfield, Missouri in December, 2022 and January, 2023. Immediately after learning of these actionable items, a case was filed in

the Arkansas Eastern District that mirrors the instant complaint. (see Plaintiff-Appellant's attached affidavit named exhibit 1)

Additionally, in applying the forum state's statute of limitations, prescription is interrupted only by service of citation Washington v. Breaux, 782 F.2d 553,554 (5th Cir. 1986), and Jinright, 954 So. 2d at 178, "in order to interrupt prescription by service of process, it is essential that the defendant be served."

It appears that Judge Barbier was misled by the defendant-appellees by the declarations they submitted. In the Arkansas case service was confirmed by the hiring of Arkansas attorneys by the DA defendants and informing Charles Swan, one of said attorneys, that they were served with a complaint originating in the Eastern District of Arkansas. Subsequently, Mr. Swan in a filing on behalf of all DA defendants, confirmed that the DA defendants had hired him and told him that they were served a complaint by Appellant. Additionally, to bolster that fact, the issue of service was not raised in any of the filings in Arkansas by the defendants. Therefore, prescription was absolutely interrupted.

### D. **ABSOLUTE IMMUNITY AND STATEMENT OF A CLAIM**

Plaintiff-Appellant recognizes with the District Court that prosecutors enjoy absolute immunity with some exceptions for acts within the scope of their duties when acting as state or federal government officials. Rykers v. Alford, 832 F.2d 895,897 (5th Cir. 1987). However, in this case, Plaintiff-Appellant asserts that the prosecutors were acting as local government officials because it must not be overlooked that the two cases against Appellant were for alleged violations of **loud music, a local ordinance** and violation of an ex parte TRO, which Appellant was arrested and tried in absolute violation of 18 U.S.C. 2265, 42 U.S.C. 1983 and the Fifth Amendment, and the second arrest pursuant to a non-served extension of said ex parte TRO, lies to a court about said service by the Sheriffs for which they were caught, and in violation of the Fifth Amendment and 42 U.S.C. 1983. As in Hudson v. City of New Orleans, 174 F. 3d. 677, 680-681 (5th Cir. 1999); Burge v. Parish of St. Tammany 187 F. 3d. 452, 467-468 ( 5th Cir. 1999); and Crane v. Texas, 766 F. 2d. 193 (5th Cir. 1985) a Louisiana District Attorney, sued in his or her official capacity, is a local government official who is not entitled to Eleventh Amendment Immunity. It also must be emphasized that the first arrest and jailing of Appellant was

executed five to seven (5-7) minutes after service of a multi page ex parte TRO in violation of 18 U.S.C. 2265 which also violated Appellant's Fifth Amendment protection from deprivation of liberty. Furthermore, the second trial was completely fabricated and should have never taken place. (*emphasis added*). The unlawful arrest, unlawful jailing and the unlawful trial were prosecuted on a non-served TRO extension, a well pleaded fact proven in a prior Court proceeding, no music heard being played at the time of arrest, a well pleaded fact testified to by the arresting deputy, and Appellant being singled out of a group of people as the alleged perpetrator of the no music heard, another well pleaded fact. All in violation of Appellant's Fifth Amendment protection and 42 U.S.C. 1983 and all facially plausible. Baker v. Putnal, 75 F.3d, 190,196 (5th Cir. 1996). The claim is therefore supported and relief is entitled. Bell Atlantic Corp. v. Twombly, 550 U.S. 544,545 (2007). The defendants for all reasons stated above, are not entitled to Eleventh Amendment Immunity.

### E. ABSOLUTE IMMUNITY AND MONTGOMERY

Appellant's claim against Montgomery solely rests on the fact that in any structured organization, governmental or private, the head of that organization is directly responsible for the actions of all subordinates. This should be particularly true when it involves a person's personal liberty.

### CONCLUSION

The district judge incorrectly barred the claims of Appellant by its calculation of timeliness and prescription. Firstly, by not taking into consideration Appellant's affidavit and good Louisiana Law relating to the time the injury was learned and the time to file commenced, and secondly by relying on the misleading declarations of the DA defendants regarding service. The district judge also misapplied the Absolute Immunity issue. As was pointed out in an aforementioned section, Fifth Circuit rulings have recognized that there are cases where Eleventh Amendment Immunity does not apply. Particularly when the sheriffs and prosecutors create a trial that should have never seen a courtroom.

## CERTIFICATE OF COMPLIANCE

1. This filing complies with the type volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B), and
2. This filing complies with the typeface requirement of Federal Rules of Appellate Procedure 32(a)(5) and (6) because it has been typed in 14 Times New Roman and spaced proportionally.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via e-mail on May 13, 2024 on all registered counsels of record and to the Clerk of Court.

KAYLE J. PILIEGO
10859 AR 7 S
Jasper, AR 72641

## CERTIFICATE OF COMPLIANCE

1. This filing complies with the type volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B), and
2. This filing complies with the typeface requirement of Federal Rules of Appellate Procedure 32(a)(5) and (6) because it has been typed in 14 Times New Roman and spaced proportionally.

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via e-mail on May 13, 2024 on all registered counsels of record and to the Clerk of Court.

*Kayle J. Piliego*
KAYLE J. PILIEGO
10859 AR 7 S
Jasper, AR 72641